**FILED**

JUN - 5 2008

Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARBI SEMIANI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08 0958 |
| ) | |
| U.S. EMBASSY IN ALGIERS, ALGERIA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The court will grant the application, and dismiss the complaint.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

According to plaintiff, the U.S. Embassy in Algeria disgraces the United States, engenders hatred against the United States, and encourages discrimination "to divide the world on categories of people," among other offenses. Compl. at 1. In these ways, defendant allegedly violates the First and Ninth Amendments to the United States Constitution. *Id.* It also appears that plaintiff challenges the dismissal of two civil actions filed in the United States District Court for the Southern District of New York. *See id.*, Attach. (<u>Semiani v. Littler</u>, No. 05-3361 (S.D.N.Y. Mar. 30, 2005) (Civil Judgment)). Plaintiff demands $2 million in damages and asks this Court "to intervene for interest of justice to combat discrimination, to impose for respect of the court orders, . . . and to look facts in the face because what has been done to my case with other courts cannot happen by any court which respect itself and its laws." Compl. at 1.

The complaint does not set forth a short and plain statement of plaintiff's claims. As drafted, the pleading does not "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957). Nor does the pleading show plaintiff's entitlement to relief. *See Tripati v. Williams*, 759 F. Supp. 3, 4 (D.D.C. 1990) (dismissing under Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure *pro se* complaint that failed to allege with particularity defendants' actions constituting fraud ). For these reasons, the complaint will be dismissed without prejudice for its failure to comply with Rule 8(a). An Order consistent with this Memorandum Opinion is issued separately.

/s/ _____
United States District Judge

Date: 5/15/08